# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12-cv-343-RJC-DCK

| | |
|---|---|
| SYLVESTER O. INHEANACHO, d/b/a KTC TRANSPORTATION COMPANY (Successor in interest to KTC TRANSPORTATION COMPANY, INC.) and KTC TRANSPORTATION COMPANY INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>ABC BUS LEASING, INC.,<br><br>    Defendant. | **ORDER** |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss for Lack of Venue Pursuant to Rule 12(b)(3); Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a); Supporting Memorandum and Affidavit, (Doc. Nos. 8, 9, 10); the Magistrate Judge's Memorandum and Recommendations, (Doc. No. 16); Plaintiffs' Memorandum in Opposition to Motion and Supporting Affidavit, (Doc. Nos. 11, 12); Plaintiffs' Objections to Memorandum and Recommendations (Doc. No. 17); and Defendant's Response to Objections (Doc. No. 18).

Defendant has made no objection to the Magistrate Judge's recommendation to deny its Motion to Dismiss Claims under Rule 12(b)(3). This Court, finding no clear error in the Magistrate Judge's recommendation, **DENIES** Defendant's Motion to Dismiss. Having considered all the above referenced materials, this Court agrees with the findings and recommendations of the Magistrate Judge and **GRANTS** Defendant's Motion to Transfer this case to the United States District Court for the District of Minnesota.

**I.     BACKGROUND**

Plaintiffs Inheanacho (Plaintiff/Inheanacho) and KTC Transportation Company, Inc. (KTC) (together: Plaintiffs) filed a Complaint with this Court on June 1, 2012 (Doc. No. 1). Inheanacho is a North Carolina resident and KTC (and its successor in interest) was a North Carolina corporation. Defendant ABC Bus Leasing, Inc., (ABC) is a Florida Corporation with its principle place of business in Minnesota. The case was brought pursuant to 28 U.S.C. § 1332 and Defendant did not object to personal jurisdiction in North Carolina.

The Complaint alleges several causes of action against Defendant, including: (1) breach of contract; (2) negligence; (3) conversion; (4) unfair and deceptive trade practices; and (5) commercially unreasonable sale. (Doc. No. 1: Complaint). Specifically, Plaintiff alleges that he entered into various agreements with Defendant whereby he would lease three (3) buses with an option to purchase them at some point. Eventually, Plaintiff entered into refinance agreements with Defendant on at least five (5) occasions which effectively modified the leases. (Id at ¶11). Plaintiffs allege making payments in excess of $1,000,000 to Defendant who ignored Plaintiffs' request for accountings, provided erroneous and incomplete figures to Plaintiffs and ultimately repossessed the buses. (Id. at ¶¶ 9-10). Finally, Plaintiffs allege that in addition to wrongfully repossessing the buses, Defendant failed to sell the buses in a commercially reasonable manner. (Id. at ¶¶ 40-43).

Each of the approximately fifteen (15) lease agreements between Plaintiffs and Defendant includes a clause directing that any litigation related to the agreements "shall be venued in either the District Court of Rice County, Minnesota or the United States District Court for the District of Minnesota, Third Division." (Doc. No. 10-1-15).

On July 26, 2012, Defendant moved to dismiss for lack of venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, to transfer pursuant to 28 U.S.C. 1404(a). (Doc. No. 8). Plaintiff filed a Memorandum in Opposition to Transfer of Venue on August 7, 2012, (Doc. No. 11) to which Defendant responded on August 17, 2012. On November 21, 2012, the Magistrate Judge issued a Memorandum and Recommendations, (M&R) (Doc. No. 16) recommending transfer of this case to the United States District Court for the District of Minnesota, Third Division. (Doc. No. 16). Plaintiffs filed objections to the M&R on December 5, 2012. (Doc. No. 17). Defendant responded to Plaintiffs' objections on December 21, 2012. (Doc. No. 18).

## II.     STANDARD OF REVIEW

In accordance with statutory authority, 28 U.S.C. § 636, this district refers non-dispositive matters to the magistrate judge for recommendation. The final determination rests with this Court. Matthews v. Weber, 423 U.S. 261 (1976). The district court conducts a de novo review of those portions of a Magistrate Judge's Recommendations to which specific objection is filed. See 28 U.S.C. § 636(b). De novo review is not necessary where "a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Opriano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). For matters where no specific objection is made, the Court reviews the Magistrate Judge's recommendations for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 1995).

## III.    ANALYSIS

Transfer of venue motions present a fact intensive analysis. Normally, a defendant moving for transfer of forum from a district in which venue is proper "carries a particularly

3

heavy burden" to demonstrate the necessity for transfer. Phillips v. S. Gumpert Co., Inc., 627 F.Supp. 725 (W.D.N.C. 1986); see also Morehead v. Barksdale, 263 F.2d 117 (4th Cir. 1959). Where, as here, a forum selection clause is present that directs venue to a different forum, that burden shifts to the plaintiff to demonstrate that enforcement of the clause would be "unreasonable." Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996). The court then engages in a four-part test to determine whether the clause is unreasonable. Id. If deemed reasonable, the choice of forum clause establishes the presumption of enforcement. Cable-La, Inc. v. Williams Communications, Inc., 104 F.Supp.2d 529 (M.D.N.C. 1999).

Having established the presumption directed by the choice of forum clause, the court then proceeds to analyze eleven (11) factors – including the forum selection clause – to determine whether to grant the motion to transfer under 28 U.S.C. §1404(a). Jim Crokett Promotions, Inc. v. Action Media Group, Inc., 751 F.Supp. 93 (W.D.N.C. 1990). No single factor, including the forum selection clause, is dispositive. Stewart Org., Inc., v. Ricoh Corp., 487 U.S. 22, 32 (1988). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Id. (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). The Supreme Court has encouraged district courts to consider choice of forum clauses as a "central" factor among others in the multi-factor analysis established by Congress under §1404(a). See Cable-La, 104 F.Supp. at 576 (discussing Stewart, 487 U.S. at 33 (Kennedy, J. concurring)).

A. Whether The Forum Selection Clause is Reasonable

The forum selection clause at issue states that any litigation related to the lease agreements "shall" be brought in Minnesota. (Doc. No. 10-1-15). Such clauses are deemed "mandatory" as they designate a forum as exclusive for resolving disputes. See Sterling Forest

4

Assocs. v. Barnett-Range Corp., 840 F.2d 249 (4th Cir. 1988). The validity of a forum selection clause is to be determined under federal law. Stewart, 487 U.S. at 32. Forum selection clauses are prima facie valid. Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 589 (1991). Nonetheless, they are not to be accorded dispositive weight, but should be considered as a significant factor that "figures centrally" in the §1404(a) multi-factor test. Stewart, 487 U.S. at 32.

The party opposing the transfer can overcome the presumption in favor of enforcing the forum selection clause by showing the clause is unreasonable. Allen, 94 F.3d at 928. Forum selections clauses may be found unreasonable where: (1) their formation was induced by fraud or overreaching; (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state. Id. (citing Carnival Cruise Lines v. Shute, 499 U.S. 585, 595 (1991)).

In the instant case, the first and third prongs favor finding the clause reasonable as there is no evidence of fraud, overreaching, or that Minnesota law would be less favorable to Plaintiff. The second and forth prong, however, favor the Plaintiff. Although the physical presence of a plaintiff is not required for him "to have his day in court," Effron v. Sun Line Cruises, Inc., 67 F.3d 7, 11 (2d Cir. 1995), and travel between states is not recognized as a "grave inconvenience" Shute, 499 U.S. at 594, this guidance serves only to mitigate rather than eliminate concerns that Plaintiff would not be able to prosecute his claim in Minnesota due to considerations related to health or finances. For the fourth prong, North Carolina public policy strongly disfavors choice of forum clauses outside of the state. North Carolina law directs that: "If the judicial forum

5

chosen by the parties to a commercial lease is a forum that would not otherwise have jurisdiction over the lessee, that choice of forum is not enforceable." N.C. GEN. STAT. § 25-2A-106(2). Plaintiffs are North Carolina residents and corporations over whom, it appears, Minnesota would not have jurisdiction absent their consent to the choice of forum clauses. This factor weighs against finding the clause reasonable.

Where, as here, the factors do not provide clear guidance as to which party should prevail, the default position is to find the clause reasonable. See Cable La, 104 F. Supp at 574 (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 880 (3rd Cir. 1995) ("Where the forum selection clause is valid … plaintiffs bear the burden of demonstrating why they should not be bound by their contractual choice of forum.") Here, although several facts support Plaintiff's claim, they are not sufficient to satisfy the burden required by law to find the clause unreasonable. Having so found, the Court turns to the other factors to consider under 28 U.S.C. § 1404(a).

    B.    <u>1404(a) Factors</u>

Courts must evaluate a number of factors in considering a motion to transfer under § 1404(a). These factors include: (1) the plaintiff's choice of forum; (2) the residence of the parties; (3) the relative ease of access of proof; (4) the availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses; (5) the possibility of a view; (6) the enforceability of a judgment, if obtained; (7) the relative advantages and obstacles to a fair trial; (8) other practical problems that make a trial easy, expeditious, and inexpensive; (9) the administrative difficulties of court congestion; (10) the interest of having localized controversies settled at home and the appropriateness in having the trial of a diversity

6

case in a forum that is at home with a state law that must govern the action; and (11) conflict of laws. Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F.Supp 519, 527 (M.D.N.C. 1996).

The majority of these factors plays to the favor of neither party and does not require extensive consideration. Several factors favor retention in the instant case. Plaintiffs chose North Carolina as the initial forum. "A plaintiff's choice of proper forum is a paramount consideration in any determination of a transfer request and that choice should not be lightly disturbed." Datasouth Computer Corp. v. Three Dimensional Tech., Inc., 719 F.Supp. 446, 451 (W.D.N.C. 1989) (internal citations omitted). "The Plaintiffs' filing in North Carolina is a stronger showing of their forum preference than their signature on a forum selection clause months earlier." Rice v. Bellsouth, 240 F.Supp.2d 526, 530 (W.D.N.C. 2002). The residency of the parties favors North Carolina where Inheanacho is a resident, where KTC was incorporated and where Defendant conducts regular business. Finally, Plaintiffs have causes of action which arise out of actions alleged to have occurred in North Carolina, including conversion and unfair trade practices, and do not appear to be governed by the choice of forum clause.

In contrast, several factors support Defendant's motion for transfer, including, the presence of numerous witnesses and documents in Minnesota, the enforceability of judgment in Minnesota, and choice of Minnesota law to govern the contract dispute. Here, the strongest factor arguing for transfer of venue remains the fifteen (15) agreements entered into between Plaintiffs and Defendant which specify Minnesota as the appropriate venue for any litigation between the parties related to the agreements. The Supreme Court has repeatedly recognized the validity of choice of forum agreements as well as the presumption towards enforcing such agreements. See M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972); Stewart, 487 U.S. 22; Shute, 499 U.S. 585. Ultimately, this consideration prevails. On fifteen (15) occasions,

Plaintiffs signed a lease (or modification agreement) consenting to litigate all issues related to the leases in Minnesota and under the laws of contract of that state. The leases and the parties' respective performance thereunder appear to be the central controversy between the parties. Whether, for instance, a conversion occurred under North Carolina law will naturally turn on whether one of the parties had breached its obligations under the contract according to the terms of Minnesota law. The balance of the actions or omissions alleged by Plaintiffs against Defendants relates to the contracts and occurred in Minnesota. Accordingly, this Court agrees with the Magistrate Judge's finding that Plaintiffs have not shown that their circumstances justify setting aside a valid forum selection clause. (M&R at 6.).

## IV. CONCLUSION

This Court agrees with the Magistrate Judge and **GRANTS** Defendant's Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of Minnesota, Third Division.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss for Lack of Venue Pursuant to Rule 12(b)(3) Or In The Alternate To Transfer Venue Pursuant to 28 U.S.C. §1404(a) is **DENIED** as to the Dismissal and **GRANTED** as to the Transfer. This case is **ORDERED TO BE TRANSFERRED** to the United States District Court for the District of Minnesota, Third Division.

Signed: February 20, 2013

Robert J. Conrad, Jr.
Chief United States District Judge